**GENEVIÉVE L. JONES-WRIGHT, Esq., LL.M.** (SBN 235168)
6549 Mission Gorge Road, Suite 379
San Diego, CA 92120
Telephone: 619.736.0179
Email: JonesWrightEsq@gmail.com
**ROBERT SCOTT DREHER, ESQ.** (SBN 120527)
Dreher Law Firm
350 West Ash Street, Suite 101
San Diego, CA 92101
Email: Scott@DreherLawFirm.com

**Attorneys For Plaintiff**
Muslah Abdul-Hafeez

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSLAH ABDUL-HAFEEZ,<br><br>　　　　　PLAINTIFF,<br><br>　　v.<br><br>CITY OF SAN DIEGO, DOMINIC LAZAGA, O'LEARY RAMOS, ROBERT TROUSAS, GARRETT KAIN, MATTHEW FREUND, and CARLOS DOE.<br><br>　　　　　DEFENDANTS. | CASE NO.: 24-cv-1184-RSH-MMP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES [Fed. R. Civ. P. 12(f)]**<br><br>Judge: Hon. Robert S. Huie<br>Courtroom: 3B<br>Trial: Not Set |

　　　**PLAINTIFF MUSLAH ABDUL-HAFEEZ** hereby moves to strike thirteen Affirmative Defenses set forth in Defendants' Answer (ECF No. 38) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

# I. INTRODUCTION

Plaintiff brings this motion to strike thirteen affirmative defenses raised by Defendants in their Answer to Plaintiff's complaint alleging violations of constitutional rights under 42 U.S.C. §§ 1983 and 1988 and related state law claims. Most of the affirmative defenses are boilerplate, conclusory, or legally inapplicable to the claims alleged. They fail to give Plaintiff fair notice of the factual or legal basis for the defenses as required under Federal Rule of Civil Procedure 8(c), and the vast majority should be stricken as a matter of law under Rule 12(f).

To ensure clarity of the pleadings and avoid undue prejudice, Plaintiff respectfully requests that the Court strike each of these defenses in whole or in part.

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") allows the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficient as a matter of law if it fails to provide fair notice of its nature and basis or is legally irrelevant. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…"

*Rahman v. San Diego Accounts Serv.*, No. 16cv2061-JLS (KSC), 2017 U.S. Dist. LEXIS 59227 (S.D. Cal. Apr. 18, 2017) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

Federal Rule of Civil Procedure 8(b)(1) states that "[i]n responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Courts have increasingly applied the *Twombly/Iqbal* pleading standards to affirmative defenses, requiring more than conclusory assertions. *See Rahman v. San Diego Accounts Serv.*, No. 16cv2061-JLS (KSC), 2017 U.S. Dist. LEXIS 59227, at 5 (S.D. Cal. Apr. 18, 2017); *Barnes v. AT&T Pension Benefit Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). "Accordingly, '[a] defense may be struck if it fails to provide 'fair notice' of the basis of the defense.'" *Rahman,* 2017 U.S. Dist. LEXIS 59227, at 3 (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004)). S*ee also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

//

//

//

# III. ARGUMENT

## A. Affirmative Defense I – Failure to State a Claim

Failure to state a claim is not a proper affirmative defense and should be stricken. It is more appropriately raised in a Rule 12(b)(6) motion. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). More specifically, "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Id. at 1088 (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). Further, the conclusory language fails to provide adequate notice to Plaintiff. Defendants assert "Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants." Accordingly, the Court must strike Defendants' first affirmative defense without leave to amend.

## B. Affirmative Defense II – Qualified Immunity

Defendants' second affirmative defense is inapplicable to all claims where the officers are being sued in the individual capacities. "The Eleventh Amendment does not bar suit against state officials sued in their individual capacity." *Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 U.S. Dist. LEXIS 144328, at 9 (S.D. Cal. Sep. 5, 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."); *Nichols v. Logan*, 355 F. Supp. 2d 1155, 1164 (S.D. Cal. 2004)."

Accordingly, the Court must strike Defendants' second affirmative defense to all relevant claims without leave to amend.

## C. Affirmative Defense III – Statute of Limitations

Defendants' third affirmative defense—"Plaintiff's claims are barred by all applicable statutes of limitation"—is impermissibly vague and conclusory. It fails to identify which claims are allegedly time-barred, provide any relevant dates, and specify which statute of limitations applies. Such a bare assertion lacks the requisite factual basis and fails to provide Plaintiff with fair notice of the defense. In *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 568 (S.D. Cal. 2012), the court made a determination that a pleading with almost identical language (Plaintiff's claims were "barred by the applicable statute of limitations") was insufficient to provide fair notice to Plaintiff. Accordingly, Defendants' third affirmative defense must be stricken.

## D. Affirmative Defense IV – Claims Presentation Requirements

This defense is wholly inapplicable to Plaintiff's federal § 1983 claims. The Supreme Court has made clear that state claim presentation requirements do not apply to federal causes of action. *See Felder v. Casey*, 487 U.S. 131, 140 (1988).

Assuming (which must be done under these circumstances) that Defendants are asserting this defense as to the state claims, simply referencing "claims presentation requirements" or citing multiple Government Code sections without

explanation is not sufficient. Courts have consistently held that affirmative defenses must provide fair notice of the legal and factual grounds upon which the defense rests. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Here, this Court must strike the claim presentation defense for failing to identify which claims were implicated and what requirements were not met. Plaintiff is left to guess whether Defendants are alleging that no government claim was filed, that the claim was untimely, that it was deficient in content, or that some other unspecified procedural requirement was not met. Such ambiguity defeats the purpose of requiring parties to plead defenses with clarity and should not be allowed to stand. Accordingly, Defendants' fourth affirmative defense must be stricken.

## E. Affirmative Defense V – Contributory Negligence/Comparative Fault

This is not a valid defense to constitutional violations under § 1983. If Defendants seek to assert it in connection with state tort claims, they must clarify and set out the nature of grounds for this defense. *See Kohler, 280 F.R.D.* at 564. Defendants' pleading provides no adequate notice to Plaintiff and, therefore, must be stricken.

## F. Affirmative Defense VI – Failure to Mitigate

Defendants' sixth affirmative defense does not state the nature or grounds for this defense. (Answer at 22.) Their answer gives no notice to Mr. Abdul-Hafeez

of the basis of his alleged failure to mitigate. *See Id.* at 570. Accordingly, it must be stricken.

## G. Affirmative Defense VII – Assumption of Risk

Courts have rejected assumption of risk in the context of constitutional torts. Unless specified for state tort claims in conformity with the legal requirements of stating the nature and grounds for this defense, Defendants' seventh affirmative defense must be stricken.

## H. Affirmative Defenses VIII–X – Res Judicata, Estoppel, Laches

Defendants offer nothing to support these defenses, such as a prior case, judgment, or delay. This lack of notice justifies striking under Rule 12(f). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler, 280 F.R.D.* at 564; *See Smith v. Cobb, 2017 U.S. Dist. LEXIS 144328,* at 6 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013).

## I. Affirmative Defense XI – Lack of Standing

This is not an affirmative defense but a jurisdictional challenge under Rule 12(b)(1).

//

## J. Affirmative Defense XII – Setoff

Defendants offer no explanation or facts. In the absence of a basis for third-party fault or offset, this defense is wholly irrelevant under our facts and should be stricken.

## K. Affirmative Defense XIV – Public Entity Immunity

California Government Code § 815 does not provide immunity from § 1983 liability. Public entities are not immune from constitutional torts under federal law. If Defendants seek to assert it in connection with state tort claims, they must clarify and set out the nature of grounds for this defense. *See Kohler, 280 F.R.D.* at 564.

## L. Affirmative Defense XVI – Claims Act Immunities

These statutory immunities may only apply to the state law claims, and not to any § 1983 causes of action. Defendants fail to specify which claims and conduct are implicated, rendering the defense overly broad and subject to striking or narrowing as it does not provide adequate notice as currently pled.

## M. Affirmative Defense XVII – Reservation of Rights

There is no legal basis for a "reservation of rights" to assert new defenses without a court-approved amendment. This defense is improper and should be stricken. The reservation of additional affirmative defense is also not a proper affirmative defense. *See E.E.O.C. v. Timeless Invs. Inc.*, 734 F. Supp. 2d 1035,

1055 (E.D. Cal. 2010). Accordingly, the Court must strike Defendants' seventeenth affirmative defense without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike the above-noted Affirmative Defenses in whole or in part from Defendants' Answer (ECF No. 38), as they are insufficiently pled, legally inapplicable, redundant, immaterial, and/or do not provide sufficient notice under Fed. R. Civ. P. 12(f).

Dated: July 28, 2025                 Respectfully submitted,

By:    _____
       Scott Dreher, Esq.

       _____
       Geneviéve L. Jones-Wright, Esq., LL.M.
       Attorneys for Plaintiff

24-cv-1184-RSH-MMP